**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DONNIE BANGS** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:25cv221-HSO-RPM** |
| | § | |
| | § | |
| **JOHN LEDBETTER, et al.** | § | **DEFENDANTS** |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [25]; GRANTING DEFENDANTS' MOTION [20] FOR SUMMARY JUDGMENT; AND DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE**

This matter comes before the Court on the Report and Recommendation [25] of United States Magistrate Judge Robert P. Myers, Jr., entered in this case on October 13, 2026, and the Motion [20] for Summary Judgment filed by Defendants John Ledbetter and Jackson County, and joined [22] by Defendant VitalCore Health Strategies, LLC (collectively, "Defendants"). The Magistrate Judge recommended that Defendants' Motion [20] be granted and that Plaintiff Donnie Bangs' ("Plaintiff" or "Bangs") claims be dismissed without prejudice for failure to exhaust administrative remedies. *See* R. & R. [25] at 7.

Plaintiff has not filed any objections to the Report and Recommendation [25], and the time for doing so has passed. *See id.*; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Based upon a review of the record, the Court finds that the Report and Recommendation [25] should be adopted and that Defendants' Motion [20] should be granted. Plaintiff's claims should be dismissed without prejudice for failure to exhaust administrative remedies.

## I. BACKGROUND

Bangs complains about his conditions of confinement as a pretrial detainee at Jackson County Adult Detention Center (the "ADC") in Pascagoula, Mississippi. *See* Ex. [1-1] at 1-4. Proceeding pro se, on July 15, 2025, Bangs filed the Complaint [1] in this case under 42 U.S.C. § 1983, naming as Defendants Jackson County, VitalCore Health Strategies, LLC ("VitalCore"), Jackson County Circuit Court, and Sheriff John Ledbetter ("Sheriff Ledbetter"). *See* Compl. [1] at 1-3.

Defendants Jackson County and Sheriff Ledbetter filed a Motion [20] for Summary Judgment based on Plaintiff's failure to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, *see* Mot. [20], which VitalCore joined, *see* Joinder [22]. Defendants contend that the ADC Handbook, which was readily available to Bangs, included an Inmate Grievance Procedure, but Bangs never filed any grievances related to his claims in this case. *See* Mem. [21] at 4-5. Because he failed to complete the available grievance procedure, Defendants argue that Bangs filed his § 1983 claims prematurely and that his claims should be dismissed for failure to comply with the PLRA's mandatory exhaustion requirement. *See id.* at 6-7.

The Magistrate Judge determined the uncontested summary-judgment evidence showed that the ADC Handbook was readily available to Plaintiff, that Plaintiff knew how to file a grievance, and that he had failed to do so related to the claims at issue in this case. *See* R. & R. [25] at 6. The Magistrate Judge recommended that Defendants' Motion [20] be granted and that Plaintiff's claims be

dismissed without prejudice for failure to exhaust administrative remedies. *See id.* at 7.

On October 13, 2026, the Magistrate Judge mailed the Report and Recommendation [25] to Plaintiff's current address of record at the ADC. Because the Report and Recommendation [25] noted that Plaintiff had been transferred to South Mississippi Correctional Institution ("SMCI"), *see* R. & R. [25] at 1 n.1, out of an abundance of caution the Court also mailed a copy of the Report and Recommendation [25] to Plaintiff at SMCI on November 2, 2026, *see* Text Order, Nov. 2, 2026. Plaintiff has not objected to the Magistrate Judge's Report and Recommendation [25], and the time for doing so has now passed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

## II. DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, a court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Report and Recommendation [25] is neither clearly erroneous nor contrary to law, and the Court will adopt the Magistrate Judge's Report and Recommendation [25] in its

entirety as the opinion of this Court. Plaintiff's claims will be dismissed without prejudice for failure to exhaust available administrative remedies. *See* 42 U.S.C. § 1997e.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [25] of United States Magistrate Judge Robert P. Myers, Jr., entered in this case on October 13, 2026, is **ADOPTED** in its entirety.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [20] for Summary Judgment filed by Defendants John Ledbetter and Jackson County, and joined [22] by Defendant VitalCore Health Strategies, LLC, is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Donnie Bangs' claims are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. The Court will enter a separate Final Judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 20th day of November, 2026.

s/ Halil Suleyman Ozerden
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE